trary thereto. There ought to be a decree, therefore, setting aside the sale made by the assignee in bankruptcy, and directing a return of the purchase money to the purchasers. This decree should include all sales of property covered by the first mortgage, and in the actual or constructive possession of the receiver appointed by the court of Escambia county. Other sales, if any there were, are not subject to question in this proceeding. The proceeds belong to the estate of the bankrupt corporation. As the purchasers had notice of the first mortgage, and knew that the holders thereof intended to assert their rights, the costs and expenses of the assignee and others, in reference to the custody and sale of the property, should be deducted from the purchase money to be returned. Let a decree be framed in accordance with these views.

---

## Case No. 3,649.

### DAVIS v. ROBB.

[2 Cranch, C. C. 458.][1]

Circuit Court, District of Columbia. April Term, 1824.

SCOPE OF AGENCY—HOW SHOWN—DECLARATIONS OF AGENT.

1. If the agency be special, the plaintiff must show the transaction to be within the scope of the agency.

2. The declarations of the agent in support of his authority, will not be received in evidence, unless cotemporaneous with, and constituting part of, the res gestae.

Assumpsit on a promissory note signed "Adam Robb by John N. Robb."

To prove the agency of John N. Robb, the plaintiff [Richard Davis] produced evidence that John N. Robb carried on a tan-yard for his father, the defendant, who had confessed judgment on a note signed as the present note is signed, and given for articles furnished to the tan-yard.

THE COURT (THRUSTON, Circuit Judge, doubting) refused to permit the note to be given in evidence, unless the plaintiff could show that it was given in relation to the business of the tan-yard.

Mr. Redin, for the plaintiff, then offered to give in evidence to the jury the declarations of the said John N. Robb, made after the transaction, to show that the goods for which the note was given, were furnished by the plaintiff for the tan-yard.

THE COURT (THRUSTON, Circuit Judge, contra) refused to permit them to be given in evidence, unless they were cotemporaneous with the giving of the note, and part of the res gestae.

Verdict for the plaintiff.

---

DAVIS (ROBBINS v.). See Case No. 11,880.

[1] [Reported by Hon. William Cranch, Chief Judge.]

DAVIS (SACKETT v.). See Case No. 12,203.

DAVIS (SCHUESSLER v.). See Case No. 12,485.

---

## Case No. 3,650.

### DAVIS et al. v. The SENECA.

[Gilp. 10; 1 U. S. Law Int. 214.][1]

District Court, E. D. Pennsylvania. Dec. 23, 1828.[2]

SHIPPING — DISAGREEMENTS BETWEEN PART OWNERS—POWERS OF ADMIRALTY COURTS.

1. Where one of two part owners, who have equal interests in a vessel, declares his intention of taking her to sea, and offers to make stipulation for her safe return, a court of admiralty will not, on an application of the other part owner, grant a compulsory order of sale, or permit him to send her to sea with a master appointed by himself.

[Approved in Bradshaw v. The Sylph, Case No. 1,791. Cited in Tunno v. The Betsina, Id. 14,236.]

2. The provisions of the French commercial law which authorise a compulsory sale of a vessel, in case of partners disagreeing about the use of her, are to be regarded rather as municipal regulations of that country, than as the general law of admiralty.

3. The English courts of admiralty claim and exercise no power to compel a sale of a vessel, on the application of part owners who object to a contemplated voyage, but they will require stipulations in favour of the dissenting owner of a vessel for her safe return.

[Cited in The Marengo, Case No. 9,066.]

[See note at end of case.]

On the 5th December, 1828, the complainants in this case [Davis and Brooks] filed their petition, setting forth the following facts: That the petitioners are owners of one half part of the brig Seneca, now lying in this port; that the remaining half part belongs to Captain Henry Lively, who has had possession of the brig for several months, with the sole control of her: that he has proceeded on several voyages to the loss and dissatisfaction of the late owners, from whom the petitioners purchased the brig: that he now threatens to take the vessel to sea without their consent, and to their great detriment: that they have repeatedly offered to sell their share to Captain Lively at a reasonable price; or to purchase from him; or to sell the entire vessel at public auction; or to send her to sea with a master to be appointed by themselves; but that Captain Lively obstinately refuses all these propositions, and persists in saying that he will take the brig to sea. The prayer of the petition is for an attachment against the vessel, and a citation to the captain to show cause why the court should not grant an order for the sale of the brig; or why they should not be permitted to send her to sea with a master appointed by themselves. The attachment and citation were awarded.

[1] [Reported by Henry D. Gilpin, Esq. 1 U. S. Law Int. 214, contains only a partial report.]

[2] [Reversed in Case No. 12,670.]